UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**LABRYS FUND, LP**

    **Plaintiff,**

    v.                               Civil Action No. _____

**SPORTS FIELD HOLDINGS INC.,**

    **Defendant.**

## Introduction

This is a complaint for breach of contract, fraud, unfair business practice under M.G.L 93A, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and unjust enrichment. It arises from a September 11, 2019 transaction in which Labrys Fund, L.P. ("Labrys") loaned funds to Sports Field Holdings, Inc. ("SFHI"), and SFHI executed a promissory note in the original principal amount of $330,000.00 made payable to Labrys (the "Note"). Three months later, SFHI informed Labrys it lacked funds to pay the Note, and then defaulted on its terms.

SFHI's conduct caused Labrys Fund irreparable harm to its business and reputation in the investment industry, damages from SFHI's coercion, duress, and unfair and deceptive anti-competitive acts, causing lost revenue, lost profits and prospective business. Labrys seeks compensation for all of these losses.

### I.   Parties

1. Labrys is a company incorporated in Delaware, and headquartered in Wellesley, Massachusetts. All actions by Labrys alleged in this Complaint were made in

      Massachusetts.

2. SFHI is incorporated in Nevada and headquartered at 1020 Cedar Ave, Suite 230, St. Charles, IL 60174.

## II.     Jurisdiction and venue

3. This Court's jurisdiction over this matter arises under 28 U.S.C. § 1333 because Plaintiff Labrys resides in Massachusetts while Defendant SFHI resides in Illinois. Jurisdiction also arises because Section 4.6 of the Note at issue here (Ex. A), agreed to and executed by the parties, provides that any action arising out of the Note must be brought in a Massachusetts court, either state or federal.

4. Venue is appropriate because the facts in this matter arose in Massachusetts and SFHI was aware that its actions would cause harm in Massachusetts, and those actions created harm here.

## III.     Factual background

5. On September 11, 2019, Labrys loaned SFHI funds and SFHI executed the Note in favor of Labrys in the original principal amount of $330,000. (Ex. A at 1). Under its terms, the Note was to be repaid on June 11, 2020, at an interest rate of 10%. (*Id.*) In addition, at the outset of the agreement, SFHI was to provide Labrys with 1,100,000 shares of common stock. (*Id.*) Those shares were to be returned when SFHI repaid the Note. (*Id.*)

6. Section 4.6 of the Note states that Nevada law governs the transaction and that, in the event of a dispute, the prevailing party shall be entitled to recover attorney fees and costs.

7. Before the Note was funded, SFHI CEO Jeromy Olson executed a Confession of

Judgment, authorizing the Court to enter judgment on Labrys' behalf in the amount of $330,000, less any payments made, if SFHI defaulted on its obligations. (Ex. A at 33-34).

8. The Confession of Judgment obviates any defenses to SFHI's liability and the entry of Judgment in the litigation.

9. The entire terms of the Note reflect SFHI's stated intention to pay it back. Further, in the Securities Agreement that the parties executed in concert with the Note (Ex. B, Securities Agreement), SFHI states at Section 3(w) that:

> *Solvency. SFHI (after giving effect to the transactions contemplated by this Agreement) is solvent (i.e., its assets have a fair market value in excess of the amount required to pay its probable liabilities on its existing debts as they become absolute and matured) and currently SFHI has no information that would lead it to reasonably conclude that SFHI would not, after giving effect to the transaction contemplated by this Agreement, have the ability to, nor does it intend to take any action that would impair its ability to, pay its debts from time to time incurred in connection therewith as such debts mature. SFHI did not receive a qualified opinion from its auditors with respect to its most recent fiscal year end and, after giving effect to the transactions contemplated by this Agreement, does not anticipate or know of any basis upon which its auditors might issue a qualified opinion in respect of its current fiscal year. For the avoidance of doubt any disclosure of the Borrower's ability to continue as a "going concern" shall not, by itself, be a violation of this Section 3(w).*

10. Labrys relied on SFHI's representation and Labrys would not have provided the loan if SFHI had not made such a statement.

11. But in fact, SFHI had no intention to pay Labrys back.

12. Indeed, during the three-month period after SFHI executed the Note, it never publicly

reported any unexpected event that harmed the company, nor did it publicly reveal any sudden catastrophe. In addition, it never revealed to Labrys that its finances were in peril. Moreover, on December 17, 2019. SFHI's CEO reported to Labrys that it wanted to clean up its balance sheet but he did not disclose to Labrys that the company's survival was in jeopardy.

13. Yet on December 30, 2019, SFHI CEO Olson wrote Labrys a letter, reporting SFHI's financial peril. "In short, SFHI's creditors might reasonably consider SFHI's financial condition to be dire," Olson wrote. He offered to pay Labrys only $66,000 for the $330,000 in principal owed on the Note. He further stated that the "settlement offer shall remain open through March 30, 2020."

14. The only plausible explanation for SFHI's actions is that it knew on September 11, 2019 that it would be unable to repay the Note

15. Three months later and before the offer expired, on March 26, 2020, Olson resigned from SFHI.

16. As of April 1, 2020, SFHI defaulted on its obligations under the Note (Section 3.24), when it failed to be current with the SEC's filings. The Note was then due immediately with no notice required from Labrys, per Article III of the Note.

17. Then on June 11, 2020, the Note matured under its original terms, but SFHI never paid anything to Labrys, despite its promise, and has failed to do so since.

18. In failing to pay, SFHI triggered another Event of Default, as described in Section 3.1 of the Note. It has further triggered a default by breaching its representations and warrants, as described in Section 3.4 of the Note.

19. In sum, SFHI perpetrated a fraud upon Labrys and breached its agreement, and Labrys

has suffered as a consequence. SFHI has been unjustly enriched and converted Labrys' assets to its own use, causing Labrys to suffer further damages. As a result of SFHI's fraudulent scheme, concealment, and omissions, Labrys lost substantial monies and lost opportunity in such assets.

20. Although Labrys is entitled to recover far more under the terms of the Note, in this Action, Labrys seeks to recover only $330,000.00, the principal amount of the Note.

### IV.  Claims

### Count I – Breach of Promissory Note

21. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

22. Pursuant to the Note and the Securities Agreement (Ex. A and B), Labrys loaned money to SFHI, was willing to become a shareholder, in good faith, in an effort to assist SFHI in the accomplishment of its business goals and in accordance with the standards of the business and the securities industry.

23. Labrys performed its obligations under the Note, and in good faith.

24. A breach of contract is failure without excuse to perform a duty, which is due under the contract.

25. SFHI breached the material terms of its contract with Labrys.

26. As a direct and proximate cause of SFHI's breaches of its contract, Labrys has suffered irreparable harm, and general, special, and consequential damages, including loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing**

27. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

28. Every contract carries an implied covenant of good faith and fair dealing, requiring that the parties treat each other fairly and act in good faith and that no party to the contract take any action to harm another party's rights under the contract. The duty imposed by this "implied covenant of good faith and fair dealing" pertains to bad faith in the performance of a contract, not just in its execution or negotiation. Implicit in every contract is the requirement n faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party.

29. A breach of contract is the failure to perform for which legal excuse is lacking. As the facts alleged above demonstrate, a contract existed, which SFHI breached without a legal basis for its breached and failed to comply with the covenant of good faith and fair dealing.

30. SFHI had a duty of good faith and fair dealing in its dealings with Labrys and pursuant to the promises, contract, and statements made to Labrys to induce it to enter into the contract and provide assets to SFHI in exchange for its promise to repay the same, with interest.

31. SFHI breached the implied covenant of good faith and fair dealing with Labrys.

32. As a direct and proximate cause of SFHI's breaches of the implied covenant of good faith and fair dealing, Labrys has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT III – Unjust Enrichment**

33. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

34. SFHI illegally received assets and benefits from Labrys, arising from its false and fraudulent statements and misrepresentations, and without providing any equivalent value.

35. SFHI's actions and omissions were intentionally and maliciously conducted against Labrys.

36. SFHI has been unjustly enriched by its actions.

37. As a direct and proximate cause of SFHI's unjust enrichment, Labrys has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses.

38. SFHI's actions as described above constitute fraud and deceit, in that:

    a) SFHI made false representations of material facts, and/or omitted material facts with a duty of disclosure, knowing or having reason to know of their falsity;

    b) SFHI made these misrepresentations and omissions for the purpose of inducing reliance from Labrys; and

    c) Labrys reasonably relied upon these misrepresentations and omissions, to its detriment.

39. As a direct and proximate cause of SFHI's fraud and deceit, Labrys has suffered irreparable harm, and general, special, and consequential damages, including loss of

profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT IV – Negligent Misrepresentation

40. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

41. SFHI's conduct described here constitutes negligent misrepresentation in that SFHI negligently provided Labrys with erroneous and misleading information, and negligently omitted material information with a duty to disclose, which Labrys reasonably relied upon to Labrys's detriment.

42. As a direct and proximate cause of SFHI's representations, Labrys has suffered irreparable harm, and general, special, and consequential damages, including loss of profits, interest, and other damages, injuries, and losses.

## COUNT V – Violation of the Massachusetts Consumer Protection Act, M.G.L. C. 93A, §§ 2 & 11

43. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

44. At all relevant times, SFHI conducted a trade or business, as defined by the Massachusetts Consumer Protection Act, M.G.L. c. 93A, within the Commonwealth of Massachusetts.

45. SFHI's conduct described here constitutes unfair and deceptive trade practices, under Sections 2 and 11 of the Consumer Protection Act, including but claims that SFHI:

   a) executed the Note with full knowledge and understanding of SFHI's obligations to Labrys;

   b) fraudulently induced Labrys to lend to SFHI, knowing that it would breach its

   promise to repay Labrys;

   c) fraudulently concealed from Labrys the full and complete financial and operational details and prospects of the Company in order to inducing Labrys to make its loan to SFHI;

   d) knowingly and intentionally concealed these activities from Labrys, to its detriment; and

   e) violated the requirements, terms and conditions of existing statutes, rules and regulations meant for the protection of the public's health, safety, or welfare.

46. As a direct and proximate cause of SFHI's violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, Sections 2 and 11, Labrys has suffered irreparable harm, and general, special, and consequential damages, including loss of profits, interest, and other damages, injuries, and losses.

## COUNT VI—Fraud and Deceit

47. Labrys repeats and realleges each of the foregoing paragraphs as if explicitly stated herein.

48. The actions of SFHI described here constitute fraud and deceit, including but not limited to the following:

   a. SFHI made false representations of material facts, and/or omitted material facts with a duty to disclose, knowing or having reason to know of their falsity;

   b. SFHI made these representations and omissions for the purpose of inducing reliance from Labrys; and

   c. Labrys reasonably relied on these representations and omissions

49. As a direct proximate result of SFHI's fraud and deceit, Labrys has suffered irreparable harm, and general, special, and consequential damages, including loss of profits, interest, and other damages, injuries, and losses.

WHEREFORE, Labrys requests the following relief:

A) Determine that SFHI is liable for all damages, losses, and costs;

B0 Determine and award Labrys the actual losses sustained by it as a result of the violations of law by SFHI alleged here;

C) Render a judgment on all Counts of the Complaint and issue findings of fact and rulings of law that SFHI is liable in all respects;

D) Order and determine that SFHI's liability is for all losses, injuries, and damages, special, consequential, general, punitive, and/or otherwise, and for all interest and costs, as alleged here;

E) Award Labrys its costs, including filing fees, costs, expenses and interest, for being required to prosecute this action;

F) Award Labrys its actual attorneys' fees for being required to prosecute this action;

G) Award Labrys multiple, double, treble, and/or punitive damages in an amount to be determined;

H) Any additional relief which this Court deems just and proper.

                                              Respectfully Submitted,
                                              Labrys Fund, L.P.
                                              By its attorneys,

                                              _____
                                              Timothy Cornell, BBO #654412
                                              Patrick J. Dolan, BBO #564250
                                              Cornell Dolan, P.C.
                                              Ten Post Office Square, Suite 800 South
                                              Boston, MA 02109
                                              Tel.: ((617) 580-9036
                                              tcornell@cornelldolan.com
                                              pdolan@cornelldolan.com

DATE: July 24, 2020